IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Vining Oil & Gas, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-00034 |
| | ) |
| Laser Land Leveling, Inc., and | ) |
| Record Steel and Construction, Inc., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Vining Oil & Gas, LLC, (hereafter "Vining Oil" or "plaintiff") served a Summons and Complaint in this action on the registered agent of the defendant, Laser Land Leveling (hereafter "Laser Land") on March 28, 2012 and defendant Record Steel and Construction, Inc. (hereafter "Record Steel") on March 22, 2012. Defendant Record Steel initiated removal of the action to this court. Laser Land's Vice President consented to removal in a letter dated April 16, 2012. (Doc. #1, Exhibit #3). Notice of Removal (Doc. #1) was filed on April, 20, 2012 pursuant to the Federal Rules of Civil Procedure. Record Steel has appeared and filed an Answer (Doc. #10) to the Complaint. Other than consenting to removal through one of its officers, Laser Land has not appeared and has not defended the action brought by Vining Oil. Vining Oil filed a Motion for Default Judgment (Doc. #16) on July 9, 2012, against defendant Laser Land. The time for answering has expired. Laser Land has failed to appear, answer, or otherwise plead in these proceedings.

**Summary of Recommendation**

The magistrate judge finds Laser Land is in default. After considering the record and evidence provided by Vining Oil it is **RECOMMENDED** Vining Oil's Motion for Default

Judgment (Doc. #16) against defendant Laser Land be **GRANTED**.

**Findings of Fact**

1.

Laser Land is or was from at least June 10, 2011, through December 11, 2011, a subcontractor of defendant Record Steel for an earth moving project near Devils Lake in Ramsey County, North Dakota.

2.

From June 10, 2011, through December 11, 2011, Vining Oil sold and delivered to defendant Laser Land petroleum products (including diesel, gasoline, propane, oil, grease, and other products), upon request of Laser Land and after deducting all payments and other credits, Laser Land owes Vining Oil a balance of $145,507.37. Additionally, finance charges have accrued on the unpaid balance at the rate of 1.5 percent per month (18% annual) since November 28, 2011, in the amount of $14,725.84. Further costs and disbursements have accrued in the amount of $95.95.

3.

Laser Land has made various payments to Vining Oil for the petroleum products sold and delivered to Laser Land.

4.

Vining Oil provided petroleum products to Laser Land as requested, and Laser Land has possession of the petroleum products or the proceeds from the petroleum products.

5.

Despite demands made by Vining Oil to Laser Land for payment, Laser Land has failed and neglected to pay Vining Oil the amount due and owing.

6.

Laser Land is not a member of Armed Forces of the United States. Laser Land is not a minor or an incompetent person.

From the Findings of Fact, the court makes the following:

**Conclusions of Law**

1.

The court has diversity jurisdiction in this action under 28 U.S.C. § 1332.

2.

The defendant Laser Land has been served pursuant to the Federal Rules of Civil Procedure.

3.

Vining Oil's Motion for Default Judgment is proper pursuant to Rule 55 of the Federal Rules of Civil Procedure.

4.

Laser Land now owes to Vining Oil the principal amount of $145,507.37 and interest accrued since November 28, 2011 to July 9, 2012 of $14,725.84, with interest accruing thereafter on the principal balance until the date of judgment at the monthly rate of 1.5 percent; together with costs and disbursements of this action in the amount of $95.95, with interest accruing after entry of judgment at the legal rate.

**Conclusion**

After considering the record and evidence provided by Vining Oil in its complaint, affidavits, and brief supporting its Motion for Default Judgment, it is **RECOMMENDED** plaintiff's Motion for Default Judgment (Doc. #16) be **GRANTED**.

## Notice of Right to Object

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 28th day of September, 2012.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge